UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENCESLAO HERNANDEZ, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> PORTFOLIO RECOVERY ) <br> ASSOCIATES LLC, ) <br> ) <br> DEFENDANT. ) | Civil Action No._____ <br><br><br><br><br><br><br> Jury Demanded |

## COMPLAINT

Plaintiff, Wenceslao Hernandez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Wenceslao Hernandez ("Plaintiff') is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank, N.A. Sears account. Plaintiff is a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant Portfolio Recovery Associates, LLC is a limited liability company with principal offices at 120 Corporate Boulevard, Norfolk, Virginia 23502. Its registered agent is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, LLC File Detail Report).

5. Portfolio Recovery Associates, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

6. Portfolio Recovery Associates, LLC, is licensed as a collection agency by the Illinois Division of Financial and Professional Regulation. (Exhibit B, Collection Agency License Look-Up).

7. Portfolio Recovery Associates, LLC is a debt collector as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Citibank, N.A. Sears, consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

9. Defendant purportedly purchased the alleged debt from Citibank, N.A., after default.

10. Defendant subsequently retained or hired Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"), to attempt to collect the alleged debt from Plaintiff, which upon information and belief was at all times authorized to act on behalf of Defendant to attempt to collect the alleged debt from Plaintiff.

11. On or around April 16, 2013, Blatt filed a complaint on behalf of Defendant against Plaintiff to collect the alleged debt, styled *Portfolio Recovery LLC vs. Wencesla Hernandez*, Case No. 13-M1-123788, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit C, Small Claims Complaint).

12. In response to this lawsuit, Mr. Hernandez consulted with the legal aid lawyers at the Debtors Legal Clinic, and on July 22, 2013, Mr. Hernandez's attorney appeared in court and notified Defendants that Mr. Hernandez was represented by an attorney and contested the debt. The Court in the State Court Lawsuit noted that appearance and entered an agreed order between counsel to continue the case for a status hearing on December 5, 2013. (Exhibit D, Order).

13. During the course of the litigation relating to the State Action, Plaintiff repeatedly informed Blatt counsel, orally and in writing, that Plaintiff did not owe the alleged debt, and thus that he disputed owing the alleged debt.

14. Plaintiff sent a letter to Defendant's counsel on September 25, 2013, notifying it that Plaintiff disputed the debt. (Exhibit E, Letter). Upon information and belief, Blatt subsequently communicated Plaintiff's dispute to Defendant.

15. 15 U.S.C. 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

16. On or before November 29, 2013, Defendant knew or should have known that Plaintiff disputed that he owed the alleged debt.

17. Even though Defendant knew or should have known, in November 2013, that Plaintiff disputed owing the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when communicating other information regarding the debt to Experian in November, 2013, in violation of 15 U.S.C. 1692e(8). (Exhibit F, Excerpt of Experian credit report showing Defendant's tradeline as reported on November 29, 2013). Defendant

18. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff re-alleges paragraphs 1-18 as if set forth fully in this count.

20. Defendant communicated false credit information in violation of 15 U.S.C. §§1692e and 1692e(8) when, after receiving notice that Plaintiff disputed the alleged debt, it failed to communicate the fact of the dispute to the Experian credit reporting agency, even though it had communicated other information to Experian after it had received notice of Plaintiff's dispute.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor against

the Defendant for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


**The Law Office of M. Kris Kasalo**
**"A Consumer Protection Law Firm"**    By:  /s  Mario Kris Kasalo
20 North Clark Street, Suite 3100                    Mario Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com